IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COUNTY OF ALLEGHENY, CITY OF PITTSBURGH, and SCHOOL DISTRICT OF PITTSBURGH,<br><br>Plaintiffs,<br><br>v.<br><br>SANDRA STRADER and VANCE STRADER,<br><br>Defendants, | 2:18-cv-00775-CRE |

**MEMORANDUM ORDER**

CYNTHIA REED EDDY, United States Magistrate Judge.

**I. BACKGROUND**

Presently before the court is a "Notice to Remove Sandra Strader's Name from Removal Pleadings and All Other Claims" (hereinafter, "Notice"). In the Notice Defendant Vance Strader objects to the payment of the mandatory filing fee.

On June 13, 2018, defendants filed a Motion for Leave to Proceed in Forma Pauperis along with a Notice of Removal from the Court of Common Pleas of Allegheny County. (ECF Nos. 1, 1-1). On July 16, 2018, the court ordered that defendants to complete and file with the clerk of court, an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (AO 239), on or before August 6, 2018, or pay the filing fee in full. (ECF No. 4). Instead, defendant Vance Strader filed the instant Notice, construed by the court as a motion for reconsideration.[1] (ECF No. 5).

---

[1] To the extent Mr. Strader request that Sandra Strader be removed as a party to this action, the request is held in abeyance.

1

## II. STANDARD OF REVIEW

The standard for obtaining relief under Rule 59(e) is difficult for Mr. Strader to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion ... must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer,* 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F.Supp. 1109, 1122 (E.D. Pa.1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker,* 735 F. Supp. 1239, 1240 (D. Del.1990).

## III. DISCUSSION

Initially the Court notes that defendants were required to submit a complete Long Form AO 239 because they did not provide the court with adequate information to determine if they qualify for *in forma pauperis* status. Whether to grant or deny a request to proceed in forma pauperis lies within the sound discretion of the trial court. *Jones v. Zimmerman*, 752 F.2d 76, 78 (3d Cir.1985). "[I]n order for a court to grant in forma pauperis status, the litigant seeking such status must establish that [she] is unable to pay the costs of [her] suit." *Walker v. People Express Airlines, Inc.,* 886 F.2d 598, 601 (3d Cir.1989); *See Freeman v. Edens,* No. 07–12227 MLC, 2007 WL 2406789, at *1 (D. N.J. Aug.17, 2007) (citing *Thompson v. Pisano,* No. 06–1817, slip

op. at 1 (3d Cir. Nov. 15, 2006) (alterations in the original)) (the applicant bears the "burden to 'provid[e] the [court] with the financial information it need[s] to make a determination as to whether [s]he qualifie[s] for *in forma pauperis* status.'").

The *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Douris v. Middletown Twp.,* 293 F. App'x 130, 131 (3d Cir. 2008) (not published) (citing *Deutsch v. United States,* 67 F.3d 1080, 1084 (3d Cir.1995)). Section 1915(a) allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating, among other things, that she is unable to pay the costs of the lawsuit. *Id.* at 131–32 (citing *Neitzke,* 490 U.S. at 324).

A court's decision whether to grant *in forma pauperis* status is based solely on the economic eligibility of the plaintiff. *See Sinwell v. Shapp,* 536 F.2d 15, 19 (3d Cir. 1976). The court reviews the litigant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*. *Deutsch*, 67 F.3d at 1084 n. 5. Economic eligibility does not require that a litigant subject herself to complete destitution to maintain her lawsuit. *See Jones v. Zimmerman,* 752 F.2d at 79.

Standards for determining whether an individual may proceed without prepayment of fees are flexible and take into consideration many factors. *United States v. Scharf,* 354 F.Supp. 450 (E.D. Pa.1973). A supporting affidavit must state the facts of the affiant's poverty with some degree of particularity, definiteness, or certainty. *United States ex rel. Roberts v.*

*Pennsylvania,* 312 F. Supp. 1, 2 (E.D.Pa.1969); *United States v. McQuade,* 647 F.2d 938, 940 (9th Cir.1981). Inquiries about defendants' financial information are material to determine their financial status. *Jeffery v. Kraft Foods Global, Inc.,* Civ. No. 05 C 6458, 2007 WL 611277 (N.D. Ill. Feb. 22, 2007); *see also Watson v. Washington Twp. of Gloucester Cnty. Publ. Sch. Dist.,* Civ. No. 09–3650(RBK–JS), 2009 WL 2778282 (D. N.J. Aug.28, 2009) (denying motion for leave to proceed *in forma pauperis* where plaintiff failed to disclose spouse's income sources and amounts); *United States v. Salemme,* 985 F.Supp. 197, 201 (D. Mass.1997). In addition, the court may consider other assets of the parties in determining ability to pay the filing fee, including equity in real estate. *See Ireland v. Reliance Std. Life Ins. Co.,* No. 97–0563–THE, 1997 WL 85008, at *1 (N.D. Cal. Feb. 21, 1997) (plaintiff who was unemployed with no money in bank account denied *in forma pauperis* status because she had $60,000 of equity in her home); *Doyle v. Warner Pub. Services, Inc.,* No. 87–C–4154, 1988 WL 67633, at * 1 (N.D.Ill. June 22, 1988) (plaintiff who earned a "minimal amount" with $400 in the bank denied *in forma pauperis* status in part because he had home worth $50,000 with no indication of amount of equity in home); *Failro v. Califano,* 79 F.R.D. 12, 13 (M.D.Pa.1978) (plaintiff who earned $409 per month denied *in forma pauperis* status because she owned home worth $20,000).

     Mr. Strader has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the court's July 16, 2018 order. He objects to the mandatory filing fee itself, on the grounds he "has a common law right to the courts, and can't be charged a fee." (ECF No. 5 at 1). This objection is overruled. He proposes in the alternative that "[i]f the court is going to force me to pay for my right to the court, I can only do instalments of 3 months, 5 months, or 10 months." (ECF No. 5 at 2). The court makes no finding as to whether installment payments are

appropriate or permissible at this juncture. We cannot rule on the request absent further financial information. The parties are required to fully complete the long form application to proceed in district court without prepaying fees or costs (Form AO 239). The other option is to pay the filing fee in full. For the above reasons, the court will deny the motion for reconsideration.

### IV. CONCLUSION

NOW THEREFORE, this 2nd day of August, 2018, it is hereby ordered that the motion for reconsideration is **DENIED.** (ECF No. 5)

IT IS FURTHER ORDERED THAT the deadline for filing the complete Long Form (AO 239) is hereby extended to **August 10, 2018**. The defendant(s) shall either fully complete the Long Form (AO 239) application to proceed without prepayment of fees so that the court may determine eligibility to proceed without prepayment of the filing fee *or* pay the filing fee.

**Failure to timely comply with this order shall result in dismissal of this case without prejudice.**

BY THE COURT:

s/ *Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

Cc: VANCE STRADER
7234 Kedron Street
Pittsburgh, PA 15208

SANDRA STRADER
7234 Kedron Street
Pittsburgh, PA 15208

Counsel of record via CM-ECF electronic notice filing